J-S67023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM M. DANIELS | |
| Appellant | No. 510 WDA 2014 |

Appeal from the PCRA Order March 7, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002083-1997
CP-02-CR-0002233-1996
CP-02-CR-0002235-1996
CP-02-CR-0016251-1995

BEFORE: DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED JANUARY 08, 2015**

Appellant, William M. Daniels, appeals *pro se* from the March 7, 2014 order dismissing as untimely his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1] After careful review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Appellant was also charged at docket number CP-02-CR-2233-1996 with one count of intimidation of a witness that was subsequently withdrawn. On November 19, 2014, this Court entered an order directing the trial court to certify and transmit to this Court the record for docket number CP-02-CR-2235-1996, upon which Appellant was originally convicted, and is part of the subject of the PCRA proceedings. Superior Court Order, 11/19/14, at 1. The record was received by this Court on
*(Footnote Continued Next Page)*

A prior panel of this Court summarized the relevant factual and procedural background of this case as follows.

> Appellant was involved in the September 20, 1994 shooting death of Ronald Hawkins, a jitney driver, in Pittsburgh's Northside area. Appellant fled the jurisdiction. In November 1995, after police discovered his involvement in the murder, he was arrested in Michigan. Appellant was granted bond but failed to appear for trial in February 1997. He was located in Georgia, arrested, and extradited.

*Commonwealth v. Daniels*, 768 A.2d 881 (Pa. Super. 2000) (*Daniels I*) (unpublished memorandum at 1), *appeal denied*, 796 A.2d 978 (Pa. 2001).

On November 30, 1995, the Commonwealth filed an information, at docket number CP-02-CR-16251-1995, charging Appellant with one count of criminal homicide.[2] The Commonwealth filed a second information, at docket number CP-02-CR-2235-1996 on March 25, 1996, charging Appellant with one count of carrying a firearm without a license.[3] On March 24, 1997, the Commonwealth filed a third information, at docket number CP-02-CR-2083-1997, charging Appellant with one count each of criminal homicide and criminal conspiracy.[4] After a jury trial, on September 24, 1998, Appellant

---

*(Footnote Continued)* _____

November 24, 2014. We have amended the caption to reflect this addition to the certified record.

[2] 18 Pa.C.S.A. § 2501(a).

[3] 18 Pa.C.S.A. § 6106(a).

[4] 18 Pa.C.S.A. § 903(a).

was found guilty of one count each of murder in the first degree, carrying a firearm without a license, and criminal conspiracy.[5]  On November 23, 1998, the trial court imposed a term of life imprisonment for first-degree murder and a consecutive term of 13½ to 27 years' imprisonment for the remaining charges.[6]  On November 27, 2000, this Court affirmed Appellant's judgment of sentence.  *Daniels I*, *supra*.  Our Supreme Court denied Appellant's petition for allowance of appeal on June 22, 2001.  *Id.*

A prior panel of this Court described the post-conviction history of this case as follows.

> Appellant filed a timely PCRA petition on July 23, 2002. The PCRA court dismissed Appellant's petition without a hearing on July 13, 2004.  This Court affirmed the PCRA court's order on July 6, 2005. *Commonwealth v. Daniels*, 883 A.2d 686 (Pa. Super. 2005) (unpublished memorandum). Appellant filed a motion for re-argument *en banc* to this Court which was subsequently denied on September 19, 2005.  On October 24, 2005, Appellant filed a petition for allowance of appeal to our Supreme Court and a second untimely PCRA petition.  The PCRA court issued an opinion on December 7, 2005, deferring review of this petition until after the disposition of the allowance of appeal with our Supreme Court.

---

[5] The criminal homicide charge at docket number CP-02-CR-2083-1997 was *nolle prossed*.  Based on our review of the record, both criminal homicide charges at both docket numbers arose from the death of Mr. Hawkins.

[6] Specifically, the trial court imposed a sentence of three-and-one-half to seven years imprisonment for carrying a firearm without a license and ten to 20 years' imprisonment for criminal conspiracy.

On March 8, 2006, our Supreme Court granted Appellant's petition for allowance of appeal with respect to his argument that this Court erred in failing to consider the merits of his claim regarding the recantation testimony of Eric Ross. It further vacated our July 6, 2005 order and remanded to this Court for the entry of an order affirming the July 13, 2004 order of the PCRA court but clarifying that Appellant's claim based upon Eric Ross's affidavit was dismissed without prejudice to raise in a subsequent PCRA petition. ***Commonwealth v. Daniels***, 586 Pa. 261, 892 A.2d 820 (2006). On April 21, 2006, this Court complied with the order of our Supreme Court on remand. ***Commonwealth v. Daniels***, 902 A.2d 974 (Pa. Super. 2006) (unpublished memorandum).

Appellant filed a third PCRA petition on May 19, 2006, raising the issue regarding the recantation testimony of Eric Ross. Appellant also filed a supplementary PCRA petition, after receiving leave of court to do so, that included an issue regarding newly-discovered evidence. Specifically, Appellant raised an issue regarding a witness, Rayco Saunders. The PCRA court held an evidentiary hearing on these claims on July 15, 2008. At this hearing, Eric Ross asserted his Fifth Amendment rights against self-incrimination, and he refused to testify. However, Rayco Saunders was available, and he testified on Appellant's behalf. The PCRA court denied relief to Appellant on July 15, 2008. The July 15, 2008 order was filed on August 6, 2008, and Appellant filed a timely notice of appeal to this Court and a timely Pa.R.A.P. 1925(b) statement of the errors complained of on appeal to the PCRA court.

***Commonwealth v. Daniels***, 976 A.2d 1200 (Pa. Super. 2009)

(unpublished memorandum at 2-3), *appeal denied*, 980 A.2d 605 (Pa. 2009)

(***Daniels II***). On May 5, 2009, this Court affirmed the PCRA court's order

- 4 -

dismissing Appellant's third PCRA petition. *Id.* Our Supreme Court denied Appellant's petition for allowance of appeal on September 30, 2009. *Id.*

On July 9, 2013, Appellant filed his fourth PCRA petition *pro se*. The PCRA court appointed Scott Coffey, Esquire (Attorney Coffey) as counsel. On October 17, 2013, Attorney Coffey filed a motion to withdraw as counsel, along with a "no-merit letter" in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. On October 31, 2013, Chris Rand Eyster, Esquire (Attorney Eyster), entered his appearance on Appellant's behalf, and thereafter, the PCRA court granted Attorney Coffey's petition to withdraw. On December 13, 2013, the PCRA court granted Appellant leave to file an amended PCRA petition, after which Appellant filed a "Petition for Habeas Corpus Relief Pursuant to Article I, Section 14 of the Pennsylvania Constitution and for Statutory Post-Conviction Relief under the Post Conviction Relief Act," as well as a subsequent addendum to this motion. The Commonwealth filed answers opposing Appellant's requested relief. On March 7, 2014, the PCRA court entered an order dismissing Appellant's PCRA petition as untimely filed. On March 21, 2014, Appellant filed a timely *pro se* notice of appeal.[7]

On appeal, Appellant raises the following issues for our review.

---

[7] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

I.     [Whether Appellant] now has concrete evidence that jury foreman Reginald J. White lied at *voir dire* that he did not know [Appellant] or [the] lead homicide detective on [the] case Richard McDonald and conspired with Detective McDonald to prejudice and taint [Appellant]'s jury to convict because of his personal bias[?] …

> I. (a) Whether the PCRA court "erred" in dismissing [Appellant]'s second or subsequent petition as untimely, despite [Appellant] satisfying the (60) sixty day rule/after discovered facts exceptions to the PCRA time-bar, under 42 Pa.C.S.A. [§§] 9545(b)(1)(i) and 9545(b)(1)(ii)?

II.     Did the Commonwealth "withhold" exculpatory evidence in violation of **Brady v. Maryland**, 373 U.S. 83 (1963), in the form of the following information and documents, which some were accidentally and partially turned over to the defense attorney 10 years after [Appellant]'s trial[,] 2½ weeks before [Appellant]'s PCRA hearing, and some of the documents not until private investigator R.J. Getner received copy from Dr. Robert Levine of Allegheny County Medical Examiner's Office on February 5, 2014[?]

> II. (a)     The recovery of one of the murder weapons, a .40 caliber Smith & Wesson, Iberia pistol, serial number 005657.

> II. (b)     Forensic section supplemental II report, signed by Dr. Robert Levine, showing the murder weapon, .40 caliber [Smith & Wesson] Iberia pistol, was found in possession of Rayco Saunders and seized by police 3 ½ years prior to [Appellant]'s trial.

> II. (c)     Supplemental report of interview of 911 callers taken by police officers Jill Smallwood and Keith Andrews, File # H-50-94.

II. (d)    Initial report by police on homicide of Ronald Hawkins September 20, 1994.

III.   Did [the] Commonwealth ADA necessary [sic] commit "fraud upon the court" when she knowingly allowed [the] Commonwealth's forensic expert witness Dr. Robert Levine [to] give false perjured testimony at [Appellant]'s trial that he "never" recovered [the] murder weapons in this case[,] when [the] ADA necessary [sic] knew [the] Commonwealth had [the] .40 caliber [Smith & Wesson] murder weapon and Dr. Robert Levine ran test[s] and filed (2) reports on [the] .40 caliber [Smith & Wesson] murder weapon 3 ½ years before [Appellant]'s trial?

IV.   [Whether] claims based on "actual innocence" and "miscarriage of justice" cannot be procedurally barred because the imprisonment of an innocent person violates the Due Process Clause and the Eighth Amendment prohibition against Cruel and Unusual Punishment[?] …

Appellant's Brief at 2-3.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." **Commonwealth v.**

- 7 -

*Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.3d 595, 604 (Pa. 2013) (citation omitted).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations omitted). "[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." ***Roney***, ***supra*** at 605 (citation omitted).

Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa. Super. 2014) (citation

omitted). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted), *cert. denied*, *Ali v. Pennsylvania*, --- U.S. ---, 2014 WL 2881005 (2014). This is to "accord finality to the collateral review process." *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The PCRA provides, in relevant part, as follows.

**§ 9545. Jurisdiction and proceedings**

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

- 9 -

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> …

42 Pa.C.S.A. § 9545(b).

In the case *sub judice*, Appellant was sentenced on November 23, 1998, this Court affirmed the judgment of sentence on November 27, 2000, and our Supreme Court denied *allocatur* on June 22, 2001. Therefore, Appellant's judgment of sentence became final on September 20, 2001, when the period for Appellant to file a petition for a writ of *certiorari* in the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3)

(stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); U.S. Sup. Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[]"). Consequently, Appellant had until September 20, 2002 to timely file his PCRA petition. Appellant filed the instant petition on July 9, 2013, more than ten years after his judgment of sentence became final. As a result, it was patently untimely.

However, Appellant alleges that time-bar exceptions apply to the instant petition. Appellant first alleges that the government interference exception at Section 9545(b)(1)(i) applies.[8] Appellant's Brief at 21. Appellant's second argued time-bar exception is the newly-discovered fact exception at Section 9545(b)(1)(ii).

> 54.  [Appellant]'s [petition is timely filed pursuant to 42 Pa. C.S. § 9545(b)(1)(ii) in that the facts upon which the claims are predicated were unknown to [Appellant] and could not have

---

[8] The Commonwealth counters in its brief that in the PCRA court below, Appellant did not rely on this exception, and Appellant has waived any argument on this basis. **See** Commonwealth's Brief at 23-24 (noting, "in … [his] amended PCRA petition, [Appellant] sought to rely only on the 'newly discovered evidence' exception[]"). However, our review of Appellant's amended PCRA petition reveals that Appellant explicitly invoked Section 9545(b)(1)(i). **See** Appellant's Amended PCRA Petition, 2/13/14, at 12.

> been ascertained by the exercised [sic] of due diligence. And the evidence obtained from the interview of Dr. Levine on February 5, 2014, Investigative Report of R.J. Getner constitutes newly discovered evidence and the instant petition is being filed "within 60 days of the date the claim could have been presented." See 42 P. [sic] C.S. § 9545(b)(2).

***Id.***

In order to meet the statutory requirements of the governmental interference exception, "Appellant was required to plead and prove that his failure to raise the claim *previously* was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States…." ***Commonwealth v. Chester***, 895 A.2d 520, 523 (Pa. 2006) (internal quotation marks and citation omitted; emphasis in original). A defendant claiming this exception must also show that "the information could not have been obtained earlier with the exercise of due diligence." ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1253 (Pa. 2006) (citation omitted). Likewise, our Supreme Court has previously described a petitioner's burden under the newly-discovered evidence exception as follows.

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown"* and 2) "could not have been ascertained by the exercise of *due diligence*." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa. 2012).

Additionally, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline.

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2)*.* The sixty (60) day time limit … runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

*Id.* (some citations omitted). Our Supreme Court has held that Section 9545(b)(2) also requires a showing of due diligence insofar that a petitioner must file the petition within 60 days that the claim could have **first** been presented. *Commonwealth v. Edmiston*, 65 A.3d 339, 350 (Pa. 2013), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013).

In the case *sub judice*, Appellant avers that his petition is timely because it was filed within 60 days of when he received his private investigator's report. Appellant's Brief at 21. This report centrally

- 13 -

references interviews with Dr. Levine, one of the Commonwealth's expert witnesses at trial, and Eric Ross. Appellant's Amended PCRA Petition, 2/13/14, Exhibit D, at 1.[9]

With regards to Dr. Levine, as the Commonwealth points out, Appellant's amended PCRA petition, on its face, acknowledges that the report only supports a claim that was made in the years prior. Specifically, the amended petition states, "[w]ith respect to the above **Brady** [**v. Maryland**, 473 U.S. 83 (1968)] claim under subsections a and b, [Appellant] proved at the evidentiary hearing **in July of 2008** that he had not been provided with the supplemental report -- concerning the recovery of the .40 caliber murder weapon -- prior to trial." Appellant's Amended PCRA Petition, 2/13/14, at 8 (emphasis added). By the same token, Appellant has known about Dr. Levine for years, and his brief does not explain why he could not have interviewed him years earlier with the exercise of due diligence.

Turning to Eric Ross, Appellant has known about Ross for years as Ross was the subject of his previous PCRA petition. **See Daniels II**, **supra** at 3. This Court previously held that because Ross refused to testify at Appellant's earlier PCRA hearing, Ross was "unavailable." **Id.** at 5. As a result of this determination, our previous decision denying his third PCRA

_____

[9] We note the report is dated February 10, 2014.

- 14 -

petition was "without prejudice" should Ross become "available." **Id.** at 5 n.2. Nevertheless, our previous memorandum decision also noted that this does not ameliorate Appellant's duty of due diligence in pursuing these claims. **Id.** Here, the investigator's report states that he interviewed Ross on December 9, 2013. Appellant's Amended PCRA Petition, 2/13/14, Exhibit D, at 1. This was more than five years after Ross had refused to testify at the previous PCRA hearing. As noted above, our Supreme Court has held that Section 9545(b)(2) requires a petition be filed within 60 days of the date that the claim **could** have first been filed. **See Edmiston**, **supra**. As a result, Appellant was required to plead and prove that this interview with Ross could not have been procured within the last five years with the exercise of due diligence. Appellant has made no such showing. Therefore, we conclude Appellant has failed to plead and prove that his petition is timely pursuant to Section 9545(b)(2).[10] **See id.** As Appellant's brief does not allege that any other exception to the time-bar applies regarding any

---

[10] Although we base our conclusion regarding Dr. Levine on Section 9545(b)(2), we would also reject Appellant's argument that his investigator's interview with Dr. Levine could satisfy the newly-discovered fact time-bar exception. Our Supreme Court has repeatedly explained that Section 9545(b)(1)(ii) focuses "on [the] newly discovered *facts*, not on a newly discovered or a newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (citations omitted; brackets and emphasis in original). As Appellant's amended PCRA petition concedes that Dr. Levine was known to him for years, Appellant cannot satisfy Section 9545(b)(1)(ii).

other claim, the PCRA court was without jurisdiction to consider the merits of Appellant's petition.[11] **See Lawson**, **supra**.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition as untimely filed. Accordingly, the PCRA court's March 7, 2014 order is affirmed.

Order affirmed.

Judge Donohue joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2015

_____

[11] To the extent Appellant alleges that the PCRA time-bar violates the Due Process Clause of the Fourteenth Amendment to the Federal Constitution, we note our Supreme Court has rejected such an argument. **Commonwealth v. Peterkin**, 722 A.2d 638, 643 n.8 (Pa. 1998). In addition, as the PCRA time-bar does not increase or inflict any type of punishment, we also reject Appellant's argument that the time-bar violates the Cruel and Unusual Punishment Clause of the Eighth Amendment. We also reject Appellant's argument that we may "disregard" the timeliness requirements of the PCRA. **See Lawson**, **supra** at 4 (stating, "[t]he timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely[]").